### In the Matter of William Douglas OSBORNE.

### No. 53S00–0104–DI–186.

Supreme Court of Indiana.

Feb. 27, 2002.

*ORDER SUSPENDING RESPONDENT DUE TO DISABILITY*

Pursuant to Ind. Admission and Discipline Rule 23, Section 25, the hearing officer in this matter has submitted to this Court his findings of fact and conclusions of law. The Disciplinary Commission has submitted its recommendation on those findings, recommending the respondent's suspension due to disability. Upon review of the matters submitted, we now find that the hearing officer's findings should be adopted.

**Facts:** On February 12, 2001, the respondent's counsel filed a *Verified Petition to Suspend Attorney's License to Practice Law by Reason of Disability,* stating therein that the respondent was disabled as a result of an automobile accident. On November 6, 2001, the respondent, by counsel, executed and filed an *Affidavit of Consent to Disability Suspension,* in which the respondent consented to suspension from the practice of law in this state, pursuant to Admis.Disc.R. 23(25).

IT IS, THEREFORE, ORDERED that the respondent should be suspended from the practice of law in this state due to his physical or mental illness or infirmity, effective immediately, until he is able to demonstrate, pursuant to Admis.Disc.R. 23(4) and (18), that his disability is terminated or has been removed. We note, as did the hearing officer, that the basis for the respondent's suspension is solely the fact that the respondent suffers from a disability resulting from a traumatic brain injury that was sustained as a result of a vehicular accident and that the respondent is free to seek reinstatement of his law license at any time he believes his ability to practice law is no longer impaired due to a disability.

The Clerk of this Court is directed to provide notice of this Order to all entities pursuant to Admis.Disc.R. 23(3)(d), governing suspension.

All Justices concur.